AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

FILED BY _____ D.C.

OCT 15 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

United States of America
v.
ALEJANDRO SANCHEZ-RIVERA,
MIGUEL MEDINA-ALFARO,
LORENA MURO,
CARLOS PALACIOS-SERRANO, and
KASSIAN SCHULER-ZIMMERMANN,

Defendants.

Case No. 22-MJ-6481-STRAUSS

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **on or about October 14, 2022** in the county of **Broward** in the **Southern** District of **Florida**, the defendants violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) | Conspiracy to Possess with Intent to Distribute a Controlled Substance |

This criminal complaint is based on these facts:
See attached affidavit.

☒ Continued on the attached sheet.

_____
Complainant's signature

Collin Teal, Special Agent, DEA
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by FaceTime.

October 15, 2022

_____
Judge's signature

City and state: Fort Lauderdale, Florida

Jared M. Strauss, United States Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Collin Teal, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the United States Drug Enforcement Administration ("DEA"), Department of Justice, and I have been so employed since July of 2021. Prior to joining the DEA, I was a Police Officer for the City of Springfield, in Springfield, Missouri, for six and a half years. I have completed in excess of 640 hours of Basic Agent Training at the United States Justice Training Center, DEA, located in Quantico, Virginia. I have been trained in techniques dealing with the unlawful distribution of narcotics, possession and/or manufacture with intent to distribute controlled substance, use of communication facilities to conduct narcotics transactions, and associated conspiracies, in violation of Title 21, United States Code. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, Section 2516.

2. This affidavit is for the limited purpose of establishing probable cause that, on or about October 14, 2022, **Alejandro Sanchez-Rivera ("SANCHEZ"), Miguel Medina-Alfaro ("MEDINA"), Lorena Muro ("MURO"), Carlos Palacios-Serrano ("PALACIOS"), and Kassian Schuler-Zimmermann ("SCHULER")** did knowingly and willfully conspire and agree to possess with intent to distribute a controlled substance, that is, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(A).

3. The information contained in this Affidavit is based on my personal knowledge and information obtained from other law enforcement personnel. Because this Affidavit is provided solely for the purpose of establishing probable cause, it sets forth only those material facts that I

1

believe are necessary to establish probable cause and does not include all the details of the investigation of which I am aware.

## PROBABLE CAUSE

4. Pursuant to an ongoing criminal investigation being jointly conducted between Agents in the Miami Field Division/EG6 and DEA Agents of the Lima Country Office, during the second week of October 2022, information was received that a shipment of cocaine had recently arrived into South Florida from Peru via container, concealed in a vegetable shipment. Utilizing an undercover agent (hereinafter, "UC"), law enforcement was able to purchase narcotics from SANCHEZ and associates. This purchase was audio and video recorded.

### *The UC Conducts a "Dry Meet" with SANCHEZ, MEDINA and Associates*

5. During the second week of October 2022, the UC was put in contact with MEDINA, who is an associate of SANCHEZ. MEDINA and the UC corresponded via telephone, with a number associated with MEDINA. MEDINA and the UC agreed to meet in person to negotiate a narcotics transaction. The meet was set to take place on October 14, 2022, at the All Stars Pizzeria, located at the 1300 block of South Military Trial, Deerfield, Florida ("the Pizzeria").

6. On October 14, 2022, the UC arrived in his/her vehicle at the Pizzeria. Law enforcement observed SANCHEZ and MEDINA to be on scene. SANCHEZ and MEDINA approached the UC's vehicle and entered the vehicle. Once therein, the parties began to discuss the narcotics transaction. This interaction was audio and video recorded.

7. During this interaction, SANCHEZ and MEDINA discussed quantities and prices of the cocaine with the UC. An agreement was made for the purchase of 20 kilograms of cocaine, in exchange for $25,000 in United States currency, per kilogram. During the meet, the UC asked to see a sample of the cocaine. SANCHEZ then exited the UC's vehicle and made a phone call.

2

Immediately thereafter, law enforcement observed SCHULER on foot by the Pizzeria and MURO within the plaza occupying a grey Volkswagen SUV ("the Volkswagen"). SANCHEZ made contact with SCHULER at a table on the porch of the Pizzeria and spoke briefly with SCHULER. Agents then observed SCHULER walk from the porch of the Pizzeria and meet with MURO, who was still occupying the Volkswagen. MURO exited the Volkswagen carrying a large coffee cup and walked with SCHULER back to the porch of the Pizzeria. SANCHEZ walked to MURO and MURO gave SANCHEZ the coffee cup. SCHULER and MURO remained on the porch of the Pizzeria.

8.  SANCHEZ returned to the UC's vehicle and gave the coffee cup to the UC. The UC opened the cup and found a round shaped ball which appeared to be an onion, contained in the cup. The UC peeled open the object and observed it was pressed cocaine disguised to look like an onion.

### *Narcotics are Exchanged During the "Dry Meet"*

9.  Subsequent to inspecting the sample of cocaine, the UC stated he/she was interested in purchasing the full 20 kilograms of cocaine. SANCHEZ and MEDINA, who were still in the UC's vehicle, confirmed they were ready to conduct the full transaction. The UC then directed another undercover agent ("UC2") to drive by the scene and show SANCHEZ and MEDINA the money needed to purchase the remaining quantity of cocaine.

10. At this time, SANCHEZ exited the UC's vehicle and made a phone call. Immediately thereafter, law enforcement observed MURO walk back to the Volkswagen and get in the driver's seat. SANCHEZ returned to the UC's vehicle and told MEDINA that MEDINA was responsible for conducting the remaining narcotics transaction. SANCHEZ then got in a black Honda and left the parking lot.

3

11. As SANCHEZ was leaving the scene, law enforcement observed MURO reverse out of her parking space in the Volkswagen and park in front of the Pizzeria. Agents observed a white Ford vehicle ("the Ford"), driven by PALACIOS, arrive and park behind MURO. At the same time, MEDINA exited the UC's vehicle and walked to PALACIOS, who stayed in the driver's seat of the Ford. MEDINA then met with SCHULER, who was standing beside MURO's Volkswagen. SCHULER then took a silver suitcase out of MURO's Volkswagen and placed the suitcase in the trunk of PALACIOS' Ford. SCHULER then got in the passenger's seat of MURO's Volkswagen, and SCHULER and MURO departed the scene. Law enforcement followed behind.

12. MEDINA, who remained on scene in PALACIOS' Ford, contacted the UC via telephone and instructed the UC to meet in the middle of the plaza's parking lot. PALACIOS drove MEDINA to a parking spot, and they waited. The UC parked next to PALACIOS' Ford, at which point MEDINA exited PALACIOS' Ford. MEDINA, in the presence of the UC, instructed PALACIOS to open the trunk. The UC inspected the cocaine, which was in similar onion-like packaging as the sample previously provided to the UC, and in the silver suitcase. Once the UC inspected the cocaine, law enforcement intervened.

*Law Enforcement Apprehends SANCHEZ, PALACIOS, MEDINA, SCHULER, and MURO*

13. Law enforcement apprehended PALACIOS and MEDINA, and recovered approximately 23.17 kilograms of cocaine inside the silver suitcase.

14. At the same time, the agents who were following MURO and SCHULER in the Volkswagen, were notified about the recovery of the cocaine. Once the agents received this information, they effectuated a traffic stop on the Volkswagen. MURO and SCHULER were apprehended, and a search of the Volkswagen revealed approximately 21.66 kilograms of cocaine contained inside of the vehicle.

4

15. While PALACIOS, MEDINA, SCHULER and MURO were apprehended, the UC made contact with SANCHEZ who had previously departed the scene, alone, via telephone. SANCHEZ agreed to meet with another undercover agent ("UC3") to collect the remaining money from the purchase of the cocaine load. When SANCHEZ arrived back at the plaza, he was driving the same Honda he drove away in earlier. SANCHEZ was apprehended and approximately 3.69 kilograms of cocaine were seized from his vehicle.

16. In total, law enforcement recovered approximately 48.9 kilograms of suspected cocaine, which later field tested positive for the presence of cocaine.

[SPACE INTENTIONALLY LEFT BLANK]

## CONCLUSION

17. Based on the foregoing facts, I respectfully submit that there is probable cause to believe that, on or about October 14, 2022, **Alejandro Sanchez-Rivera ("SANCHEZ"), Miguel Medina-Alfaro ("MEDINA"), Lorena Muro ("MURO"), Carlos Palacios-Serrano ("PALACIOS"), and Kassian Schuler-Zimmermann ("SCHULER")** did knowingly and willfully conspire and agree to possess with intent to distribute a controlled substance, that is, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(A).

**FURTHER YOUR AFFIANT SAYETH NOT.**

Respectfully submitted,

_____
Collin Teal, Special Agent
Drug Enforcement Administration (DEA)

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by FaceTime, on this 15th day of October 2022, at Fort Lauderdale, Florida.

_____
JARED M. STRAUSS
UNITED STATES MAGISTRATE JUDGE

6

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 22-MJ-6481-STRAUSS

### BOND RECOMMENDATION

DEFENDANT: Alejandro Sanchez-Rivera

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: /s/ Brooke Elise Latta
AUSA: Brooke Elise Latta

Last Known Address: _____

What Facility: BSO Main Jail

Agent(s): Collin Teal
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)
DEA

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 22-MJ-6481-STRAUSS

### BOND RECOMMENDATION

DEFENDANT: Miguel Medina-Alfaro

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: /s/ *Brooke Elise Latta*
AUSA: Brooke Elise Latta

Last Known Address: _____

What Facility: BSO Main Jail

Agent(s): Collin Teal
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)
DEA

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 22-MJ-6481-STRAUSS

## BOND RECOMMENDATION

DEFENDANT: Lorena Muro

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: /s/ Brooke Elise Latta
AUSA: Brooke Elise Latta

Last Known Address: _____

What Facility: BSO Main Jail

Agent(s): Collin Teal
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (**OTHER**)
DEA

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 22-MJ-6481-STRAUSS

### BOND RECOMMENDATION

DEFENDANT: Carlos Palacios-Serrano

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: /s/ Brooke Elise Latta
AUSA:   Brooke Elise Latta

Last Known Address: _____

What Facility:   BSO Main Jail

Agent(s):   Collin Teal
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)
DEA

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 22-MJ-6481-STRAUSS

### BOND RECOMMENDATION

DEFENDANT: Kassian Schuler-Zimmermann

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _/s/ Brooke Elise Latta_
AUSA:   Brooke Elise Latta

Last Known Address: _____

What Facility:   BSO Main Jail

Agent(s):   Collin Teal
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)
DEA